IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-03319-WJM-BNB

L.J., a minor, through his parents and next friends, Bruce and Annetta Johnson,

Plaintiff,

v.

PARKER PERSONAL CARE HOMES, INC., a Colorado corporation,
ESSENE HOME, a Colorado limited liability company,
BRIAN MOATS, individually and as Case Manager of the Jefferson County Department of Human Services, and
LEDALE D. BROWN,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Motion to Stay Discovery** [Doc. # 49] filed on behalf of defendants Weinstein, Moats, and Andrews (the "County Defendants"). I held a hearing on the motion this morning and made rulings on the record, which are incorporated here.

The plaintiff is a minor child. The County Defendants are employees of the Jefferson County Department of Human Services ("JCDHS"). Parker Personal Care Homes, Inc. ("PPC"), and Essene Home are private companies that own or operate a group home, and LeDale Brown is an employee of PPC and/or Essene.

The plaintiff asserts that at times relevant to this action he was 15 years old and suffered multiple disabilities including autism (high functioning), bipolar disorder, and reactive attachment disorder. In February 2013, he was declared incompetent by the Jefferson County District Court and placed in the custody of JCDHS. JCDHS placed the plaintiff at the Essene

House.

The plaintiff alleges further:

• JCDHS had actual knowledge of the plaintiff's disabilities, that he was particularly vulnerable and susceptible to sexual victimization, and that he previously had been sexually victimized by another student in one of his classes;

• At a staffing meeting on February 26, 2013, attended by defendants Moats and Brown, "Defendant Brown communicated . . . that moving [the plaintiff] upstairs was not advisable because another resident residing upstairs at the Essene House had a past history as a sexual predator," First Amended Complaint [Doc. # 40] at ¶38;

• Notwithstanding the danger addressed during the staffing meeting, the plaintiff was moved upstairs in close proximity to "a known sexual predator," id. at ¶39; the door alarm on the sexual predator's door was inoperable; and no alarm was placed on the plaintiff's door.

Based on these allegations, the plaintiff asserts six claims for relief:

(1)    Under 42 U.S.C. § 1983 for violation of the plaintiff's Fourteenth Amendment right to substantive due process, against all defendants;

(2)    Under 42 U.S.C. § 1983 for violation of the plaintiff's Fourteenth Amendment right to procedural due process, against all defendants;

(3)    Under 42 U.S.C. § 1983 for violation of the plaintiff's Fourteenth Amendment right to equal protection, against all defendants;

(4)    Under 42 U.S.C. § 1983 for supervisory liability, against defendants PPC, Essene, Weinstein, Moats, and Andrews;

(5)    Common law negligence, against all defendants; and

      (6)      Common law outrageous conduct, against all defendants.

The claims against the County Defendants are brought both individually and in their official capacities. The County Defendants moved to dismiss arguing, among other things, that they are entitled to qualified immunity with respect to the § 1983 claims against them individually. Motion to Dismiss [Doc. # 45]. In addition, the County Defendants seek a stay of all discovery until the qualified immunity defense is resolved.

The issue of staying discovery in the face of a qualified immunity defense was analyzed in <u>Rome v. Romero</u>, 225 F.R.D. 640 (D. Colo. 2004):

> Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery, invocation of the defense is not a bar to all discovery. First, it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities. Furthermore, it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief. Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity.
>
> Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in <u>Crawford-El</u> [523 U.S. 574 (1998)] observed, qualified immunity does not protect an official from *all* discovery, but only from that which is "broad-reaching."

<u>Id</u>. at 643. For guidance, the court described the scope of permissible discovery pending the resolution of a qualified immunity defense, stating:

> The foregoing discussion explores the type of discovery that the individual Defendants should be protected against: namely, discovery requests (i) directed against the individual Defendants,

3

> (ii) in support of a claim for monetary damages, (iii) which seek information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense. By contrast, discovery requests directed at the institutional Defendants; relating to any claim for declaratory or injunctive relief; or seeking information regarding the individual Defendants' version of the incidents in question are properly made, notwithstanding the pendency of the [dispositive motion based on qualified immunity].

Id. at 645.

In addition, I have reviewed the Motion to Dismiss [Doc. # 45]. It has not been referred to me for recommendation, and I do not presume to predict how the district judge will rule. Nonetheless, in view of the decision in Schwartz v. Booker, 829 F. Supp. 2d 1080 (D. Colo. 2011), the qualified immunity defense does not appear to be "well supported" nor does discovery on the merits appear "unnecessary." Rome, 225 F.R.D. 643.

I follow the reasoning in Rome.

IT IS ORDERED that the Motion to Stay Discovery is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED with respect to discovery requests directed against the County Defendants in their individual capacities, in support of a claim for monetary damages, which seek information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense; and

• DENIED with respect to discovery requests (i) directed at defendants other than the County Defendants; (ii) relating to any claim for declaratory or injunctive relief; or (iii) seeking information from the County Defendants as ordinary fact witnesses regarding factual information or their observations of the incidents in question.

Dated April 18, 2014.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge