IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:13-cv-03319-WJM-BNB**

**L.J., a minor, through his parents and next friends, Bruce and Annetta Johnson;**

Plaintiff,

v.

**PARKER PERSONAL CARE HOMES, INC.,** a Colorado corporation;
**ESSENE HOME**, a Colorado limited liability company;
**BARB WEINSTEIN**, individually and as Associate Director of the Jefferson County Department of Human Services Division of Children, Youth and Families;
**BRIAN MOATS,** individually and as Case Manager of the Jefferson County Department of Human Services;
**AMY ANDREWS**, individually as Case Manager of the Jefferson County Department of Human Services;
**LEDALE D. BROWN.**

Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness or person providing discovery in this case,

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, videos and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.  This Protective Order shall also apply to any documents produced by Jefferson County Department of Human Services, including those produced in response to a subpoena.

2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of

this term.

   3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates any common law or statutory privacy interests or proprietary interests of any party to this action or its employees, agents or representatives.

   4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the Parties and their indemnitors and supervisors to whom disclosure is necessary for purposes of this proceeding;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses; and

   (h) other persons by written agreement of the parties.

   5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by

opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL". Other information provided through discovery, such as answers to interrogatories or specific deposition testimony, may similarly be designated as CONFIDENTIAL information by identifying the specific portion of the discovery response as CONFIDENTIAL information.

7. Information produced by Jefferson County Department of Human Services related to personnel or juvenile matters shall presumptively be CONFIDENTIAL information and subject to the restrictions on use of CONFIDENTIAL information.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL information after transcription, provided written notice of the designation is promptly given to all counsel of record within ten days after receiving a deposition transcript. CONFIDENTIAL information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages as "CONFIDENTIAL." Until expiration of the 10-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates CONFIDENTIAL information in a deposition, then no portion of the transcript or its exhibits will be treated as CONFIDENTIAL information.

9. Subject to all proper evidentiary objections, CONFIDENTIAL information may be presented at any deposition taken herein or at any hearing or trial regarding this action. However, at the request of a party at any deposition, copies of CONFIDENTIAL information presented to the reporter shall be sealed and marked as CONFIDENTIAL. Further, the Parties

shall have the opportunity to request at any hearing or trial herein that any CONFIDENTIAL information presented at the hearing or trial, shall be sealed or otherwise maintained by the Court as CONFIDENTIAL.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. Additionally, a party may object to the confidential nature of any information disclosed by Jefferson County Human Services by giving written notice to all parties and to Jefferson County Human Services through the Jefferson County Attorney's Office, care of Patricia Gilbert, or by such other attorney as Jefferson County Human Services should designate. The written notice shall identify the information to which the objection is made. **If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~If the Parties cannot resolve the objection within twenty (20) business days after the time the notice is received, the objecting party may move the Court for an order of declassification of the specific material, and may submit the material under seal for review *in camera*. Until such time as the Court rules on such motion, the parties shall treat the documents and information as~~

~~though it were properly designated as CONFIDENTIAL.~~

11. CONFIDENTIAL information disclosed by the parties or obtained through discovery by the parties in the course of this litigation shall be used by the parties or any other person solely for the purposes of the prosecution or defense of this litigation and for no other purpose or publication whatsoever, whether directly or indirectly.  Documents and other information designated as CONFIDENTIAL information shall not be used except in accordance with the terms of this Order.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as CONFIDENTIAL information consents to such disclosure, or if the Court, after notice to all affected parties, orders disclosure.

13. If a court or an administrative agency subpoenas or orders production of CONFIDENTIAL information that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as CONFIDENTIAL information of the pendency of such subpoena or order.

14. ~~Prior to submitting CONFIDENTIAL information to the Court, the party seeking to file that CONFIDENTIAL information shall seek leave of the Court to file it under seal with the Clerk of the Court~~.  Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

15.  The provisions of this Order shall not terminate at the conclusion of this proceeding, and the Court shall retain continuing jurisdiction to enforce the terms of the Protective Order.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all Parties with an affidavit confirming the destruction.  Notwithstanding this provision, counsel for each party may maintain for archival purposes one copy of all pleadings,

transcripts, exhibits and written discovery responses, including portions designated under this Order.

16. Agreement by a party to entry of this protective order does not constitute an acknowledgment by such party that any discovery materials produced by any other party are in fact CONFIDENTIAL or otherwise legally protectable.  By making discovery materials available for use in this proceeding, the parties have not waived the confidentiality or protectability of the discovery material.

17. Review of the CONFIDENTIAL information by counsel, experts or consultants for the parties shall not waive the confidentiality of the documents or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of CONFIDENTIAL information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

18. Nothing contained in this protective order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the CONFIDENTIAL information sought.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated May 29, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge