**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3319-WJM-BNB

L.J., a minor, through his parents and next friends, Bruce and Annetta Johnson,

     Plaintiff,

v.

PARKER PERSONAL CARE HOMES, INC., a Colorado corporation,
ESSENE HOME, a Colorado limited liability company,
BRIAN MOATS, individually and as Case Manager of the Jefferson County Department of Human Services,
AMY ANDREWS, individually and as Case Manager of the Jefferson County Department of Human Services, and
LEDALE D. BROWN,

     Defendants.

---

**ORDER GRANTING DEFENDANTS ANDREWS AND MOATS'S
MOTION TO DISMISS**

---

Plaintiff L.J. ("Plaintiff"), through his parents and next friends Bruce and Annette Johnson, brings claims under 42 U.S.C. § 1983 ("Section 1983") against Parker Personal Care Homes, Inc., Essene Home, Brian Moats, Amy Andrews, and Ledale D. Brown.  Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), filed by Defendants Moats and Andrews[1] (together, the "County Defendants").  (ECF No. 45.)  For the foregoing reasons, the Motion is granted without prejudice to the refiling of a further amended complaint by Plaintiff.

---

[1] Former Defendant Barbara Weinstein was also a party to the Motion (*see* ECF No. 4), but she has since been dismissed as a defendant in the case (ECF No. 85).

# I.  BACKGROUND

The following allegations, contained in Plaintiff's Complaint, are accepted as true for purposes of the Motion.

Plaintiff was 15 years old in February 2013.  (ECF No. 40 ¶ 10.)  He has been diagnosed with multiple disabilities, including high-functioning autism, bipolar disorder, and reactive attachment disorder.  (*Id.*)  Plaintiff also has a history of being a sexual abuse victim, having been sexually victimized by a classmate prior to June 2011.  (*Id.* ¶ 31.)

The County Defendants are both case workers at the Jefferson County Department of Human Services ("JCDHS").  (*Id.* ¶¶ 14-15.)

On or about February 13, 2013, JCDHS took temporary legal custody of Plaintiff after he was declared incompetent at a hearing for criminal charges involving actions related to his parents.  (*Id.* ¶¶ 23, 24.)  Moats placed Plaintiff at Essene Home, a specialized group home in Colorado, immediately following the hearing.  (*Id.* ¶¶ 25, 33.)  Andrews assumed supervision of Plaintiff while Plaintiff lived at Essene Home and she visited Plaintiff multiple times.  (*Id.* ¶¶ 48, 49.)

Plaintiff lived in the basement for the first 13 days he resided at Essene Home.  (*Id.* ¶ 34.)  On February 26, 2013, a staff meeting was held at Essene Home to discuss Plaintiff (the "Staff Meeting").  (*Id.* ¶ 35.)  Plaintiff's guardian *ad litem*, Plaintiff's mother, Moats, Defendant Brown, and a representative of Parker Personal Care Homes, Inc. attended the Staff Meeting.  (*Id.* ¶ 36.)  During the Staff Meeting, Plaintiff's mother expressed concern that Plaintiff did not feel safe living in the basement.  (*Id.* ¶ 37.)

Brown explained that moving Plaintiff upstairs was not advisable, because a resident who lived upstairs had a history of sexual misconduct.  (*Id.* ¶ 38.)   It was also discussed that, if Plaintiff were to be moved upstairs, Brown would place an alarm on Plaintiff's bedroom door to alert him to anyone entering the room.  (*Id.* ¶ 40.)

Plaintiff was moved upstairs, but an alarm was never placed on his door.  (*Id.* ¶¶ 39, 41.)  Plaintiff was subsequently sexually assaulted multiple times by the resident who had been mentioned at the Staff Meeting.  (*Id.* ¶¶ 43, 44.)  That resident had at least two prior sex offenses, one of which was the reason he was living at Essene Home.  (*Id.* ¶ 45.)

On these facts, Plaintiff filed this action against Defendants on December 10, 2013.  (ECF No. 1.)  On March 3, 2014, Plaintiff filed a First Amended Complaint (the "Amended Complaint"), asserting four claims under 42 U.S.C § 1983: (1) violation of his Fourteenth Amendment right to substantive due process; (2) violation of his Fourteenth Amendment right to procedural due process; (3) violation of his Fourteenth Amendment right to equal protection; and (4) supervisory liability.  (ECF No. 40 ¶¶ 60-109.)  The Amended Complaint also included tort claims for: (1) negligence and negligence *per se*; and (2) extreme and outrageous conduct.  (*Id.* ¶¶ 110-121.)

On March 19, 2014, the County Defendants filed the instant Motion.  (ECF No. 45.)  Plaintiff filed a Response to the Motion on April 8, 2014 (ECF No. 47), and the County Defendants filed their Reply on April 22, 2014 (ECF No. 57).

On August 26, 2014, Plaintiff filed an Unopposed Motion to Dismiss All Claims Against Barbara Weinstein and Plaintiff's Supervisory Liability and Equal Protection

Claims Against Defendants Moats and Andrews (ECF No. 84), which the Court granted on August 27, 2014.  (ECF No. 85.)  Accordingly, Ms. Weinstein is no longer a party to the action, and the sections of the Motion pertaining to Plaintiff's supervisory liability and equal protection claims are moot.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore Cnty.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting 3 Moore's Federal

4

Practice, ¶ 15.10 & n.2 (1983)).  "In the absence of an apparent reason to refuse leave to amend—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."  *Id*. (internal quotation omitted).

### III.  ANALYSIS

The County Defendants have moved to dismiss Plaintiff's Section 1983 claims for violations of his Fourteenth Amendment rights to substantive due process and procedural due process, as well as Plaintiff's tort claims for negligence and negligence *per se*, and extreme and outrageous conduct.  (ECF No. 45.)  The County Defendants argue that the claims should be dismissed because Plaintiff has failed to plead sufficient facts supporting any plausible claim.  (*Id.*)  The Court will discuss each of Plaintiff's claims in turn.

### A.   Constitutional Violations

The County Defendants both assert the defense of qualified immunity.  (ECF No. 35 at 7.)  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation omitted).  Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry.  "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  *Id.* at 232 (internal citations omitted).  "Second, . . .

the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id*.

    1.   <u>Substantive Due Process Violation</u>

Plaintiff's first Section 1983 claim against the County Defendants alleges a violation of his substantive due process right under the Fourteenth Amendment.  There is no allegation that the County Defendants were personally involved with the sexual assault of Plaintiff and, generally, state actors are not liable under the Due Process Clause for the actions of private citizens.  *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995).  There are, however, two exceptions to this rule.  State officials may be subject to constitutional liability if they: (1) create a danger that results in harm to an individual, even if that harm is not ultimately inflicted by a state official; or (2) if the state has a "special relationship" with the individual who is harmed by the third party.  *Id*.  Plaintiff asserts that the special relationship doctrine is applicable here.  (ECF No. 47 at 8.)

A "special relationship . . . exists when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual . . . ."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).  A child in the legal custody of the State and the physical custody of anyone other than a biological parent has a special relationship with the state*.  Yvonne L. v. N.M. Dep't of Human Servs.*, 959 F.2d 883, 891 (10th Cir. 1992).

Plaintiff was removed from his parents' custody and placed in the legal and physical custody of JCDHS, which in turn placed Plaintiff in Essene Home.  (ECF No. 40 ¶¶ 24, 30.)  "Thus, under Supreme Court and Tenth Circuit precedent plainly applicable to these circumstances, JCDHS had a special relationship with [Plaintiff]."

6

*Schwartz v. Bookers*, 829 F. Supp. 2d 1080, 1084 (D. Colo. 2011). The special relationship between JCDHS and Plaintiff extended to the County Defendants in their individual capacities as a result of their employment with JCDHS. *See id.* at 1086.

When there is a special relationship between the state and a foster child, a state actor violates the child's constitutional rights when she knows of a danger and fails to exercise her professional judgment to protect the child. *Johnson v. Holmes*, 455 F.3d 1133, 1142-43 (10th Cir. 2006). To satisfy the "failure to exercise professional judgment," standard, a party must show something more than mere negligence; rather, he must show an abdication of professional responsibility. *Yvonne L.*, 959 F.2d at 894. In other words, a claimant must show that some action (or inaction) on the part of the individual defendant "was a substantial departure from accepted professional judgment, practice or standards." *Johnson*, 455 F.3d at 1144. The state actor's behavior must also be sufficient to "shock the conscience." *Id.* at 1143.

Many of the allegations in the Amended Complaint are conclusory and fail to differentiate between and among the five named defendants. (*See, e.g.*, ECF No. 40 ¶ 62 ("Defendants participated in conduct that is properly characterized as arbitrary, or conscience shocking, in a constitutional sense.").) As to the allegations specific to the County Defendants, the Amended Complaint alleges that Moats made the decision to place Plaintiff at the Essene Home (*id.* ¶ 25), that he knew about Plaintiff's disabilities, vulnerabilities, and susceptibility to sexual victimization (*id.* ¶¶ 30, 32), and that he was present at the Staff Meeting when it was suggested that Plaintiff should be moved upstairs (*id.* ¶ 36). Plaintiff also alleges that Andrews was Plaintiff's caseworker while he lived at Essene Home (*id.* ¶ 48), that she visited Plaintiff multiple times (*id.* ¶ 49),

7

and that she was deliberately indifferent to the fact that Plaintiff's continued placement at Essene Home placed him in danger of sexual assault (*id.* ¶ 50).

The Court finds that these allegations are insufficient to state a claim for violation of Plaintiff's substantive due process rights. Although the Amended Complaint alleges that the County Defendants knew that Plaintiff was susceptible to a risk of sexual abuse in general (*id.* ¶¶ 46, 50), Plaintiff does not allege that either Moats or Andrews knew that Plaintiff had been moved upstairs and was, therefore, in danger of being sexually abused while living at Essene Home. *See Yvonne L.*, 959 F.2d at 890 (explaining that defendants only violate a plaintiff's constitutional rights when "defendants knew of the asserted danger to plaintiffs or failed to exercise professional judgment with respect thereto"). Plaintiff has also failed to allege that placing Plaintiff into the same home as a known sexual offender, in and of itself, "was an impermissible deviation from professional judgment." *See Johnson*, 455 F.3d at 1144.

Accordingly, the County Defendants' Motion is granted and Plaintiff's substantive due process claim is dismissed without prejudice. Plaintiff is, however, granted leave to amend because it is possible that he could adequately re-plead his claims. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("[I]f it is at all possible that a party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend"); *Triplett*, 712 F.2d at 446.

2.  <u>Procedural Due Process Violation</u>

The County Defendants argue that Plaintiff's procedural due process claim fails to state a claim for relief separate and apart from the substantive due process claim.

(ECF No. 45 at 10.)  They also argue that because Plaintiff's allegations involve all defendants, it is impossible to determine which defendant is alleged to have done what. (*Id.*)

Plaintiff has failed to respond to this argument.  Because the Amended Complaint does not specify any process or procedure that was insufficient or that the County Defendants failed to follow, the County Defendants' Motion is granted and Plaintiff's procedural due process claim is dismissed without prejudice.  *See Brever*, 40 F.3d at 1131. Plaintiff is granted leave to file a further amended complaint with respect to this claim as well.

## B.  Tort Claims

As to Plaintiff's tort claims, the County Defendants argue that the Amended Complaint fails to identify the specific act or omission of each of the defendants and fails to include specific facts establishing that such an act or omission was willful and wanton.  (ECF No. 45 at 14.)  Plaintiff's only response to the County Defendants' argument is that the conduct alleged in the Complaint "constitutes negligence" and "could reasonably be considered extreme and outrageous."  (ECF No. 57 at 7-8.) These conclusory statements are insufficient to state a claim.

Therefore, the County Defendants' Motion is granted and Plaintiff's claims for negligence and negligence *per se*, and extreme and outrageous conduct are dismissed without prejudice, subject to the filing of a further amended re same.  *See Brever*, 40 F.3d at 1131.

## IV.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1.    Defendants Andrews, Moats and Weinstein's Motion to Dismiss Plaintiff's

First Amended Complaint (ECF No. 45) is GRANTED;

2.    All of Plaintiff's claims against Bryan Moats and Amy Andrews remaining

in this case are DISMISSED WITHOUT PREJUDICE; and

3.    Plaintiff may file a second amended complaint with respect to such claims

on or before December 1, 2014.

Dated this 10th day of November, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge